UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| In re:<br><br>**Charles Pappas**,<br><br>Debtor. | Chapter 13<br><br>Case No.: 18-20179 |
|---|---|

## ORDER GRANTING MOTION TO COMPEL

Upon review of Ms. Parris' motion to compel and extend the discovery deadline [Dkt. No. 54] in this contested confirmation proceeding, after notice and a hearing, the Court orders the following:

1. The Debtor shall obtain the Facebook, Amazon, and Paypal data requested by December 31, 2018. The Debtor's efforts to obtain this data shall include contacting those entities for technical assistance if he has difficulties accessing the information.

2. With respect to any permit applications or bids for work submitted to the Towns of Rumford, Roxbury, and Andover in the four years preceding the commencement of this case to the present, the Debtor shall obtain documents from the town and provide them. To the extent the Debtor fails to obtain copies of said documents, the Debtor understands that Ms. Parris will subpoena said documents and seek further order of the Court for payment of costs and fees for those efforts. If the Debtor is unable to obtain copies by December 31, 2018, he will provide, by December 31, 2018, a confirmation from the third party that they have received his request for documents and that they will provide the documents, or a statement that they have no such documents.

3. With respect to any titled vehicle or personal property owned by the Debtor in the four years preceding the commencement of this case to the present, the Debtor shall obtain copies of the titles from the Bureau of Motor Vehicles. To the extent the Debtor fails to obtain copies of said documents, the Debtor understands that Ms. Parris will subpoena said documents and seek further order of the Court for payment of costs and fees for those efforts. If the Debtor is unable to obtain copies by December 31, 2018, he will provide, by December 31, 2018, a confirmation from the third party that they have received his request for documents and that they will provide the documents, or a statement that they have no such documents.

4. In order to expedite discovery, in lieu of interrogatories the Debtor will provide responses under oath to the Requests for Production that:

    a. Describe whether any such documents exist or state that no documents exist; and

    b. If documents exist but the Debtor contends they are outside of his possession or control, he shall identify the person or entity in possession or control of such documents.

5. The Court further enters the following protocol regarding the production of emails from Yahoo!:

    a. General requirements.

        i. The Parties shall cooperate in good faith to obtain responsive emails from Yahoo!

        ii. The Debtor shall execute the Yahoo! consent form proposed by Ms. Parris and shall respond to additional requests for consent, including requests for consent received electronically from Yahoo!, within 24 hours.

        iii. Ms. Parris is authorized to serve a subpoena on Yahoo! that seeks emails containing the search terms appended to her motion.

    b. Production

        i. Yahoo! shall produce the documents directly to counsel for Ms. Parris.

    c. Review

        i. The Court finds that all objections to the discovery requests other than privilege are waived, but orders that under Fed. R. Evid. 502(d) objections based on privilege are preserved.

        ii. Upon receipt of documents from Yahoo!, counsel for Donna Parris shall promptly review all documents for any potential privilege, segregate those documents, and provide them to counsel for the Debtor for review.

    d. Objections

        i. Counsel for the Parties shall meet and confer regarding any claims of privilege within seven days. The Parties shall work together in good faith to resolve any such objections.

        ii. If the Parties are unable to resolve their dispute, they may apply to the Court for relief.

<span style="color:red">Disclosure by Yahoo! of e mails containing information or communications covered by the attorney client privilege will not result in a loss of the privilege in this proceeding or in any other state or federal proceeding.  ee  ed.  .  vid. (d).</span>

<span style="color:red">**Counsel for Ms. Parris must review all documents received from Yahoo! on an "attorney's eyes only" basis and may not disclose any such documents to any person until counsel has completed his initial review of the documents, identified any documents that contain, or may contain, information or communications covered by the privilege, and segregated those from the other documents. (continued)</span>

The segregated documents that contain, or may contain, privileged information may not be revealed to Ms. Parris or any other person or entity until the earlier of (i) Mr. Pappas's written consent to the disclosure of the documents (or any portion thereof) and (ii) the Court's determination, after notice and opportunity for hearing, that the documents (or any portion thereof) are not protected from disclosure by the privilege.

Dated:  December 21, 2018

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine