UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| In re: | |
|---|---|
| **Charles Pappas**, Debtor. | Chapter 13<br><br>Case No.: 18-20179 |

**Motion for Sanctions**

Donna Parris, a creditor in this Chapter 13 proceeding, submits this Motion for Sanctions regarding the Debtor's noncompliance with this Court's prior order regarding discovery [Dkt. No. 69].

1. On December 21, 2018, this Court entered an order on discovery that included a procedure for the collection and review of the Debtor's emails for potential privilege.

2. On April 4, 2019, counsel for Plaintiff received the Debtor's emails.[1]

3. Counsel for Plaintiff imported the emails into software that could read the emails and reviewed them for privilege. Counsel for Plaintiff segregated potentially privileged emails into three categories: (1) emails that were likely privileged, (2) emails that contained no legal advice but were between Mr. Pappas and counsel,[2] and (3) emails that contained likely exceptions from privilege.[3] In the latter category, the principal exceptions to privilege identified were for (a) attorney-client fee agreements, (b) instances where privilege may have been waived, and (c) instances where the crime-fraud exception to privilege potentially apply.

---

[1] The Debtor provided the necessary consents in a timely fashion. Delay in producing the emails appears to have been caused by the death of an employee at Yahoo!.

[2] This category contains 49 emails.

[3] This category contains 16 emails.

4. Counsel for Plaintiff then copied the original disc from Yahoo!, as well as the segregated archives generated, onto a new disc and sent that disc together with instructions for opening the emails to counsel for the Debtor via Federal Express Ground on April 10, 2019. A copy of the letter is attached.

5. Counsel for Parris received no response from counsel for the Debtor and inquired as to the status of review by email on April 24, 2019.

6. On April 29, 2019 counsel for the Debtor provided some discovery responses but no update as to the status of privilege review.

7. On April 30, 2019, counsel for the parties exchanged additional emails regarding the Debtor's emails. During that conversation, it became apparent that counsel for the Debtor had not and was not going to review the emails previously provided. As a result, counsel for Parris requested a telephonic conference and offered May 7 and May 8. Counsel for the Debtor did not respond until May 8 and the parties ultimately were not able to have a conference until Tuesday, May 14.

8. During the conference on May 14, counsel for the Debtor advised he was unable to open the emails and requested paper copies. Counsel for Parris advised that Parris was unwilling to provide paper copies and offered to provide .pdf and .html files.[4] Those files were provided to counsel for the Debtor on May 15.

9. Counsel for Parris has not received any update regarding the emails.

10. Counsel for Parris requests that, as a sanction for the Debtor's delay in bringing any issues with reviewing emails for privilege to the attention of Parris or the Court until the eve

---

[4] The .html files permit the emails and their attachments to be viewed in any internet browser. The .pdf files do not contain the attachments due to limitations of undersigned counsel's software.

of trial, privilege be deemed waived with respect to the second and third categories of segregated emails discussed in paragraph three of this memorandum.

11.     In order to reduce the burden on the Court and the Parties, correspondence between counsel relevant to this motion has been omitted but counsel for Parris is prepared to file that correspondence if requested by the Court.

12.     Counsel for Parris is also prepared to submit copies of the Debtor's emails together with an explanation of why no attorney-client privilege should attach for *in camera* review.

**WHEREFORE**, Ms. Parris prays for an order granting her motion in full, together with such other and further relief as this Court deems just and proper.

Dated: May 16, 2019        By:     /s/ *David Lavery*
Greg Kirschner (admitted *pro hac vice*)
David Lavery (admitted *pro hac vice*)
The Connecticut Fair Housing Center
60 Popieluszko Court
Hartford, CT 06106
Tel:  (860) 560-8948
Fax:  (860) 247-4236
E-mail: dlavery@ctfairhousing.org;

Local Counsel:

/s/ *Thomas A. Cox*
Thomas A. Cox
P.O. Box 1314
Portland, Maine 04104
(207) 749-6671