## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES PAPPAS, | ) | CHAPTER 13 |
| | ) | CASE NO. 18-20179 |
| | ) | |
| Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEBTOR'S RESPONSE TO MOTION FOR SANCTIONS

NOW COMES the Debtor, by and through the undersigned Counsel, and respectfully responds to Movant's Motion for Sanctions as follows:

1. On December 21, 2018, at Docket Entry Number 69, this Court entered an Order to Compel Debtor to respond to certain discovery requests.
2. The December 21, 2018 ordered Debtor to provide certain documents or facilitate access to those documents. It further provided that Plaintiff's Counsel would identify documents that might be privileged and refrain from revealing them until the earlier of 1) Debtor's written consent to the disclosures; and 2) the Court's determination that the documents are not privileged.
3. Upon information and belief, Debtor complied with the order, at least to the extent of existence.
4. On or about December 31, 2018, Counsel reluctantly agreed to enter this case as a professional courtesy to departing Counsel.
5. On April 10, 2019, Plaintiff sent Debtor's Counsel a disc purporting to contain email communications and advising that if counsel elects "to review the original disc I recommend using Mozilla Thunderbird." Counsel did not elect to review the disc.
6. Nowhere in the April 10, 2019 letter is there a request to review the disc and obtain Debtor's written consent to waive privilege.
7. Nowhere in the April 10, 2019 letter is there even an indication that failure to obtain Debtor's written consent would request in a request for this Court to reveal the materials to determine privilege, nor even a reference to the Docket Number 69 Order that provides those two conditions to release, much less a Motion for Sanctions.
8. Instead of following this Court's Order to Compel and seeking a judicial determination of privilege after failing to obtain Debtor's consent, Plaintiff instead disregarded Docket Entry 69 and instead filed the instant Motion for Sanctions.
9. Counsel has reviewed the communications and encouraged the Debtor to do the same. The communications include love letters, at least one compromising digital image purportedly of the Debtor's posterior, fee agreements and fee itemizations from prior counsel, and attorney client communications concerning the extensive litigation over the years. In Counsel's opinion, there is nothing relevant that is not already on the record. There is a tremendous amount of hearsay and much that is irrelevant to plan confirmation. All of the communications with lawyers may be privileged, but none are substantially likely to determine confirmation.

10. While Counsel does not oppose waiver of privilege, he lacks written consent from the Debtor and that waiver should be pursuant to Docket Entry Number 69, an order following a motion seeking the Court's determination, not a Motion for Sanctions as an alternative to Plaintiff's compliance with Docket Number 69.

11. Debtor has provided a tremendous amount of discovery in this case. Debtor's Counsel generally takes the position that litigation should entail cooperation between the parties, rather than stonewalling at each step. Debtor has cooperated with the Order to Compel (Counsel was not involved in the events leading to an Order to Compel). Plaintiff should also be held to a duty under the Order to Compel, filing a motion for determination, rather than a motion for sanctions.

12. Debtor fully agrees to admission of all documents deemed excepted from privilege by this Court, reserving the right to object to relevance, hearsay, and other applicable exceptions to admission at trial.

WHEREFORE, Debtor respectfully requests this Court Deny Plaintiff's Motion for Sanctions as untimely, or in the alternative, treat the Motion for Sanctions as a Motion for Judicial Determination as to privilege, rather than a Motion for Sanctions for failure to abide an unspoken direction, together with such other and additional relief as it deems just and necessary.

Dated at Portland, Maine, this 28th day of May 2019.

LAW OFFICE OF J. SCOTT LOGAN, LLC

By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtors
75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314

## CERTIFICATE OF SERVICE

I, J. Scott Logan, Esq., do hereby certify that I am over eighteen years old and I have this day caused a true and correct copy of Response to be served on the parties at the addresses set forth on the Service List attached hereto via either electronically or via first class U.S. Mail, postage prepaid.

Notice will be electronically mailed to:

U.S. Trustee's Office
Andrew Dudley, Esq., Esq., Chapter 13 Trustee
David Lavery, Esq.

By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtor

75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314