**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES PAPPAS, | ) | CHAPTER 13 |
| | ) | CASE NO. 18-20179 |
| | ) | |
| Debtor | ) | |

*********************************

**DEBTOR'S SECOND RESPONSE TO MOTION FOR SANCTIONS**

    NOW COMES the Debtor, by and through the undersigned Counsel, and respectfully responds again to Movant's Motion for Sanctions as follows:

1. On December 21, 2018, at Docket Entry Number 69, this Court entered an Order to Compel Debtor to respond to certain discovery requests.
2. The December 21, 2018 ordered Debtor to provide certain documents or facilitate access to those documents. It further provided that Plaintiff's Counsel would identify documents that might be privileged and refrain from revealing them until the earlier of 1) Debtor's written consent to the disclosures; and 2) the Court's determination that the documents are not privileged.
3. While Counsel was not present for the events that led to the December 21, 2018 Order, his reading of that Order is that the emails, substantially all of which are communications between the Debtor and his lawyers, are treated as privileged until either the Debtor consents in writing, or the creditor files a motion and this Court rules on the issue of privilege.
4. Debtor has not consented in writing. Creditor has not moved for a Court Order determining privilege to be waived.
5. It is Counsel's opinion that the communications contain nothing substantial that is not already on the record. Most are hearsay, drafted by third parties; many do not bear on plan confirmation, but Counsel anticipates that they may not be deemed privileged, *if* the creditor seeks that determination.
6. It is Counsel's belief, after reading the December 21, 2018 Order, that the creditor has not sought a judicial determination as to the privilege, but instead seeks sanctions as an alternative. That does not equate to the Debtor "electing not to follow the procedures set forth in the order." However, Counsel was not present for the hearing that led to the December 21, 2018 Order and understands that the Order may be read to memorialize a different agreement.

    WHEREFORE, Debtor respectfully requests this Court Deny Plaintiff's Motion for Sanctions as untimely, or in the alternative, treat the Motion for Sanctions as a Motion for Judicial Determination as to privilege, rather than a Motion for Sanctions for failure to abide

an apparently unspoken direction, together with such other and additional relief as it deems just and necessary.

Dated at Portland, Maine, this 3rd day of June 2019.

LAW OFFICE OF J. SCOTT LOGAN, LLC

By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtors
75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314

**CERTIFICATE OF SERVICE**

I, J. Scott Logan, Esq., do hereby certify that I am over eighteen years old and I have this day caused a true and correct copy of Response to be served on the parties at the addresses set forth on the Service List attached hereto via either electronically or via first class U.S. Mail, postage prepaid.

Notice will be electronically mailed to:

U.S. Trustee's Office
Andrew Dudley, Esq., Esq., Chapter 13 Trustee
David Lavery, Esq.

By: /s/ J. Scott Logan
J. Scott Logan, Esq.

Counsel for Debtor
75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314